IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| McKEE MANAGEMENT ASSOCIATES, INC., et al., | |
|     Plaintiffs and Counterclaim-Defendants, | CIVIL ACTION |
| v. | NO. 11-6862 |
| JOSEPH A. SANTANGELO, | |
|     Defendant and Counterclaim-Plaintiff. | |

MEMORANDUM OPINION

RUFE, J.                                                                                     April 13, 2012

This case involves an employment dispute between Plaintiffs, McKee Management Associates, Inc. ("MMA" or "the Company") and Frank McKee, and Defendant Joseph Santangelo, who worked as MMA's Chief Financial Officer. Before the Court is Plaintiffs' Motion to Remand, wherein Plaintiffs request that the Court remand this case to state court pursuant to its discretion to do so under the Declaratory Judgment Act.[1] For the following reasons, the Motion will be denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are highly contested by the parties. The Court therefore provides only those facts which are necessary to provide context for the Opinion.

Plaintiff MMA manages a group of companies operating under the name "The McKee Group," which operates residential communities, apartment complexes, mobile home parks, office buildings, storage facilities, and marina. Plaintiff Frank McKee is MMA's President and has a controlling ownership interest in the McKee Group.

---

[1] 28 U.S.C. § 2201(a).

In January 2007, McKee hired Santangelo as MMA's Chief Financial Officer ("CFO"). Santangelo and MMA entered into an employment agreement on January 26, 2009; the employment agreement set forth Santangelo's salary, annual bonuses, and benefit information and was retroactive to January 2007. MMA also established an Individual Supplemental Retirement ("ISR") Plan for Santangelo at that time.

In late 2010, MMA began to experience a lack of liquidity. Both parties appear to concede that the economic recession was at least a part to blame for this; however, Plaintiffs allege that the Company's financial trouble was a result of Santangelo's financial mismanagement as CFO, while Santangelo avers that McKee incurred substantial Company debt to finance his personal expenses. The disagreement over the cause of the Company's financial trouble culminated on September 27, 2011, when McKee fired Santangelo, for cause according to McKee, and without cause according to Santangelo.

Plaintiffs commenced this action on October 12, 2011, by filing a complaint in the Court of Common Pleas for Delaware County. The one-count complaint sought a declaratory judgment that Santangelo was terminated for cause and was therefore not entitled to benefits under the employment agreement and the ISR Plan. On November 2, 2011, Santangelo removed the case to this Court, asserting diversity of citizenship as the basis for the Court's jurisdiction. Santangelo answered the Complaint on November 9, 2011. On November 18, 2011, Plaintiffs filed the Motion to Remand now before the Court.

Five days later, Santangelo filed an Amended Answer and asserted six counterclaims. Plaintiffs filed an Answer to the Counterclaims and a Motion to Dismiss on January 13, 2011. Santangelo filed an Amended Counterclaim in response, rendering the initial motion to dismiss

2

the counterclaims moot.  On March 1, 2012, Plaintiffs again filed a Motion to Dismiss in Part Santangelo's Amended Counterclaims.  This motion is pending.

The Amended Counterclaim alleges a violation of Pennsylvania's Wage Payment and Collection Law ("WPCL"),[2] breach of contract, and violations of the Employee Retirement Income Security Act ("ERISA").[3]

## II.  STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[4]  United States district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[5]  A defendant who removes a case from state to federal court has the burden of showing that the action is properly before the federal court.[6]  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."[7]

Although Plaintiffs have moved to remand the case, they do not do so on the basis that

---

[2]  43 Pa. Stat. §§ 260.1-260.12.

[3]  29 U.S.C. §§ 1001-1191.

[4]  28 U.S.C. § 1441(a).

[5]  28 U.S.C. § 1332(a).

[6]  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005).

[7]  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

removal was improper.  To the contrary, it is undisputed that this Court has original jurisdiction over this action because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states (Plaintiffs are citizens of Pennsylvania, Defendant is a citizen of New Jersey).  Instead, Plaintiffs argue that while the Court has diversity of citizenship jurisdiction, the Court should exercise its discretion under the Declaratory Judgment Act and remand the case to state court.  However, Plaintiffs repeatedly conflate jurisdictional remand pursuant to 28 U.S.C. §1447(c) with discretionary remand under the Declaratory Judgment Act.[8]  In making this argument Plaintiffs rely upon standards which a federal district court applies in determining whether it has subject-matter jurisdiction over a case, i.e. whether the claims "depend[] on resolution of a substantial question of federal law."[9]  These standards simply do not apply to discretionary remand pursuant to the DJA, where it is undisputed that the Court has diversity jurisdiction.  In this context, the Court must consider the entire context of the litigation to determine whether the court should remand a case.[10]  In assessing whether discretionary remand is appropriate, the Court is not limited to considering whether the Complaint contains a substantial question of federal law; rather, the Court considers whether discretionary remand is warranted by issues raised in the action as a whole.

---

[8] See, e.g., Pl.'s Reply at 4-5 (citing Grover v. Comdial Corp., No. 01-0035, 2002 WL 1066951 (W.D. Va. May 23, 2002)).

[9] Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006).

[10] See generally Perelman v. Perelman, 688 F. Supp. 2d 367 (E.D. Pa. 2010).

### III. DISCUSSION

Under the Declaratory Judgment Act ("DJA"), "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration."[11] This permissive language "contemplates that district courts will exercise discretion in determining whether to entertain such actions."[12] "[I]n declaratory judgment actions Congress has afforded the federal courts a freedom not present in ordinary diversity suits to consider the state interest in having the state courts determine questions of state law."[13] "[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[14] The DJA "confers a discretion on the courts rather than an absolute right upon the litigant."[15]

However, a district court's discretion to decline jurisdiction is not open-ended; a court should not decline jurisdiction when the issues in the action include "federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding."[16] Here, Santangelo's counterclaims allege violations of

---

[11] 28 U.S.C. § 2201 (emphasis added).

[12] Summy, 234 F.3d at 133.

[13] Id. at 135 (quoting Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992)) (internal quotation marks omitted and alteration in original).

[14] Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

[15] Id. at 287.

[16] Summy, 234 F.3d at 134.

ERISA, therefore requiring federal statutory interpretation, and directly relate to Plaintiffs' request for a declaration that MMA is not obligated to pay Santangelo retirement benefits. Additionally, to determine whether the ISR Plan is exempt from ERISA, as Plaintiffs allege in the Complaint, the Court will have to interpret ERISA.[17]

Third Circuit courts have exercised their discretion to remand cases where the declaratory judgment action is restricted to areas of state law, where the state law issues are firmly established, close, or unsettled, and where there is a parallel or underlying state court proceeding.[18]  This action is not limited to issues of state law, there is no underlying state court proceeding, and the issues presented require the Court to interpret and apply the statutory provisions on ERISA and thus implicate federal interests.[19]

To the extent the Court has the discretion to remand the declaratory claim contained in the Complaint and retain the federal coercive counterclaims, the Court finds no justification for bifurcating the claims in this way.  In cases such as this one, where federal interests compel the Court to exercise jurisdiction over a coercive claim, "the paramount consideration in deciding whether to dismiss or stay declaratory claims is whether, as a matter of 'practicality and wise judicial administration,' doing so will be more efficient and convenient for the court and the

---

[17] In their Motion to Dismiss in Part the Amended Counterclaims, Plaintiffs argue that Santangelo's state law claims are preempted by ERISA.  Plaintiffs' own argument requires the Court to interpret federal law and therefore favors the exercise of jurisdiction.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-8 (2003).

[18] Summy, 234 F.3d at 134-35; see also, e.g., Weilacher v. State Farm Mut. Auto. Ins. Co., No. 10-1401, 2010 WL 4788015, at *3-5 (W.D. Pa. Nov. 16, 2010).

[19] Wilton, 515 U.S. at 286.

litigants."[20]  The declaratory and coercive claims are so interrelated so as to require that they be tried in the same action.  Judicial economy and the policy of avoiding duplicative and piecemeal litigation do not support bifurcation in this case.[21]

### IV. CONCLUSION

For the foregoing reasons, the Court finds that remand is not appropriate here.  This case requires interpretation of federal law and the issues presented cannot be better settled in state court.  Accordingly, the Motion to Remand will be denied.

An appropriate Order follows.

---

[20]  Perelman, 688 F. Supp. 2d at 378.

[21]  Neither the Supreme Court nor the Third Circuit has considered the obligation of a federal court to exercise jurisdiction over a case such as this one, which contains both a declaratory judgment claim and a coercive claim.  Perelman, 688 F. Supp. 2d at 374.  District courts and circuit courts which have considered the issue are divided in their approaches.  See Perelman, 688 F. Supp. 2d at 374.  "The United States Courts of Appeals for the Fifth and Second Circuits (and the Tenth Circuit in dicta) . . . have held that when a federal case combines a coercive claim with a declaratory judgment claim, and the coercive claim is neither frivolous nor brought solely to secure federal jurisdiction, then the court must exercise jurisdiction over both the coercive and the declaratory judgment claims and cannot exercise discretion under Brillhart and Wilton to dismiss or stay the declaratory judgment action."  Id. (citing New England Ins. Co. v. Barnett, 561 F.3d 392, 395 (5th Cir. 2009); United States v. City of Las Cruces, 289 F.3d 1170, 1181-82 (10th Cir. 2002); Village of Westfield v. Welch's, 170 F. 3d 116, 125 n.5 (2d Cir. 1999)).  The Fourth Circuit, like the Second and Fifth Circuits, has held that a federal court must retain jurisdiction over the coercive claim but may decline jurisdiction over the declaratory judgment claim.  Id. (citing Great Am. Ins. Co. v. Gross, 468 F.3d 199, 211 (4th Cir. 2006)).  In the Seventh and Ninth Circuit, discretionary remand depends on whether the declaratory and coercive claims are independent or not.  Id. at 374-75 (citing R&R Street & Co. v. Vulcan Materials Co., 569 F.3d 711, 715 (7th Cir. 2009); United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1113 (9th Cir. 2001)).  In those circuits where the court of appeals has not addressed the issue, courts apply the "heart of the action" analysis to determine whether the "'heart' of the matter is coercive or declaratory."  Id. At 375 (citing ITT Indus., Inc. v. Pac. Emp'rs Ins. Co., 427 F. Supp. 2d 552, 556 (E.D. Pa. 2006)).  The Court finds that discretionary remand is not warranted using any of the above tests, and therefore finds it unnecessary to adopt a specific approach.  Moreover, established precedent and the policy underlying it, provide ample direction for the Court to exercise its discretion to retain jurisdiction in this specific case.